USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3 0 SEP 2010

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
PEDRO RODRIGUEZ,

                      Plaintiff,

      -v-

MOUNT VERNON HOSPITAL, DR. JONATHAN
HOLDER, AND DR. JOHN PERILLI,

                      Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MEMORANDUM DECISION
AND ORDER
09 Civ. 5691 (GBD)(JLC)

GEORGE B. DANIELS, United States District Judge:

    Pro se Plaintiff Pedro Rodriguez brings this action pursuant to the Civil Rights Act, 42 U.S.C. § 1983. He claims that Defendants Drs Jonathan Holder and John Perilli ("Moving Defendants") provided him with inadequate medical treatment while he was an inmate at Sing Sing Correctional Facility. Pursuant to Fed. R. Civ. P. 12(b)(1) and (6), Moving Defendants move to dismiss pro se Plaintiff Pedro Rodriguez's claims. Plaintiff cross-moves for leave to file a Second Amended Complaint pursuant to Fed. R. Civ. P. 15(a)(2).

    This Court referred the matter to Magistrate Judge James Cott for a Report and Recommendation. Magistrate Judge Cott issued a Report and Recommendation ("Report") recommending: (1) Defendants' Motion to Dismiss be converted to a Motion for Summary Judgment and be granted as to three of Plaintiff's four claims; and, (2) Plaintiff's Motion for Leave to File a Second Amended Complaint be granted to allow Plaintiff to assert a Fourteenth Amendment claim against both Dr. Holder and Dr. Perilli.

    The Court may accept, reject or modify, in whole or in part, the findings and recommendations set forth within the Report. 28 U.S.C. § 636(b)(1). When there are objections to the Report, the Court must make a de novo determination of those portions of the Report to which objections are made. Id.; see also Rivera v. Barnhart, 432 F. Supp. 2d 271, 273 (S.D.N.Y. 2006). The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. See Fed. R. Civ. P.

72(b); 28 U.S.C. § 636(b)(1)(c). It is not required, however, that the Court conduct a de novo hearing on the matter. See United States v. Raddatz, 447 U.S. 667, 676 (1980). Rather, it is sufficient that the Court "arrive at its own, independent conclusions" regarding those portions to which objections were made. Nelson v. Smith, 618 F.Supp. 1186, 1189-90 (S.D.N.Y. 1985) (quoting Hernandez v. Estelle, 711 F.2d 619, 620 (5th Cir. 1983)). When no objections to a Report are made, the Court may adopt the Report if "there is no clear error on the face of the record." Adee Motor Cars, LLC v. Amato, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (citation omitted).

In his report, Magistrate Judge Cott advised Plaintiff that failure to file timely objections to the Report would constitute a waiver of those objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).Plaintiff requested and received an extension of time to respond to Magistrate Judge Cott's Report. Plaintiff failed to timely object to the Report. This Court adopts the Report's recommendation in its entirety.

Given that Moving Defendants relied on documentary evidence outside of the record, Magistrate Judge Cott properly converted Moving Defendants Motion to Dismiss to a Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56. See Sahu v. Union Carbide Corp., 548 F.3d 59, 66 n.1 (2d Cir. 2008). Magistrate Judge Cott also properly concluded that the Plaintiff has not exhausted his administrative remedies for three of his four grievances and thus Defendants' Motion to Dismiss should be granted as to those three grievances.

Under the three-part test in Hemphill, for grievance SS #40766/05 (harassment), grievance SS #41966/06 (inadequate physical therapy) and his letter to Dr. Lester Wright (inadequate medical treatment), Plaintiff had administrative remedies available to him that he could have, but did not, pursue. See Hemphill v. New York, 380 F.3d 680, 686 (2d Cir. 2004). For example, for grievance SS #40989/05, there is no evidence to indicate that Plaintiff ever appealed the denial of his grievance up the chain of command though he could have done so. Also, nothing indicates that the government inhibited Plaintiff from pursing his grievances within the prison system, which would estopp the government from raising

2

the exhaustion defense. See Hemphill, 380 F.3d at 687. While Plaintiff was told that his appeal would be futile, the prison did not prevent him from further pursing his grievances and the government responded to each of his complaints. Lastly, there are no special circumstances that would justify excusing Plaintiff's failure to exhaust. See Giano v. Goord, 380 F.3d 670, 677-78 (2d Cir. 2004). Because Plaintiff can no longer pursue these three grievances under Department of Correctional Services regulations, dismissal with prejudice is appropriate. Plaintiff cannot cure the defect and no special circumstances excuse Plaintiff's failure to exhaust. See Berry v. Kerik, 366 F.3d 85, 87 (2d Cir. 2004).

Magistrate Judge Cott properly found that Plaintiff should be granted leave to amend his complaint given that it would not unduly prejudice defendants or result in undue delay. First, this Court has broad discretion to grant such motions. Gurary v. Winehouse, 235 F.3d 792, 801 (2d Cir. 2000). Second, this Court reads pro se papers liberally. Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir.1983). Third, the two complaints are substantially similar to each other, with the Second Amended Complaint only requesting punitive damages instead of injunctive relief and attaching new evidentiary materials. Fourth, the Second Amended Complaint was filed in response to Defendants' Motion to Dismiss and before any discovery commenced and thus will not result in any undue delay in the litigation. Further, Magistrate Judge Cott properly concluded that Plaintiff's Amendment alleging a Fourteenth Amendment claim is not futile.

As to Plaintiff's last grievance, grievance SS #40989/05 (lack of consent for reconstructive surgery), Magistrate Judge Cott properly found that Plaintiff's Fourteenth Amendment claim should not be dismissed and may properly be asserted in his Amended Complaint. See Cruzan v. Director, Missouri Dep't of Health, 497 U.S. 261, 278 (1990) (holding that a prisoner has a protected liberty interest in refusing unwanted medical treatment); Pabon v. Wright, 459 F.3d 241, 246, 249 (2d Cir. 2006) (finding that to sustain a claim for inadequate medical information a plaintiff must show: "(1) that government officials failed to provide him with such information; (2) this failure caused him to undergo medical treatment that he would have refused had he been informed; (3) the official's failure was undertaken with deliberate indifference to the prisoner's right to refuse medical treatment."). Liberally construed,

3

Plaintiff's Complaints makes out such a claim.

Further, Magistrate Judge Cott properly concluded that Plaintiff failed to sustain a claim for relief under the Eighth Amendment, given that he did not plead that Defendants acted with deliberate indifference to a serious medical issue. See Alston v. Bendheim, 672 F. Supp. 2d 378, 385 (S.D.N.Y. 2009) (noting that a serious medical issue must be a "deprivation reasonably likely to result in death, degeneration, or extreme pain"). Therefore, that claim is dismissed and cannot be properly realleged in his Amended Complaint.

## Conclusion

The Court adopts the Report and Recommendation. Defendants Drs. Jonathan Holder's and John Perilli's Motion to Dismiss is granted as to plaintiff's claim arising out of his first three unexhausted grievances. Plaintiff Pedro Rodriguez's Motion for Leave to File an Amended Complaint is granted only as to the Fourteenth Amendment claim asserted.

Dated: September 30, 2010
    New York, New York

SO ORDERED:

*[signature]*
GEORGE B. DANIELS
United States District Judge

4