USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/27/11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
PEDRO RODRIGUEZ,                        :

              Plaintiff,              :

     -v.-                              :

MOUNT VERNON HOSPITAL, et al.,          :

              Defendants.             :
-------------------------------------------------------------X

REPORT AND
RECOMMENDATION

09 Civ. 5691 (GBD) (JLC)

(Non-ECF Case)

**JAMES L. COTT, United States Magistrate Judge.**

**To the Honorable George B. Daniels, United States District Judge:**

Pro se Plaintiff Pedro Rodriguez filed this action pursuant to the Civil Rights Act, 42

U.S.C. § 1983, alleging that defendants Mount Vernon Hospital ("Mt. Vernon" or the

"Hospital") and Drs. Jonathan Holder and John Perilli (together, the "State Defendants")

provided Rodriguez with inadequate medical treatment while he was an inmate at Sing Sing

Correctional Facility.  On September 30, 2010, the Court adopted my Report and

Recommendation converting the State Defendants' motion to dismiss into a motion for summary

judgment and granting the motion as to all of Rodriguez's claims on exhaustion grounds, except

his Fourteenth Amendment claim concerning his right to medical information.  See Rodriguez v.

Mount Vernon Hosp., No. 09 Civ. 5691 (GBD) (JLC), 2010 WL 3825715, at *3 (S.D.N.Y. Sept.

30, 2010).  The State Defendants have now filed a supplemental motion to dismiss the remaining

claim against them as time-barred.  Mt. Vernon also moves to dismiss Rodriguez's claims as

against it.

     For the reasons discussed below, I recommend that (1) the State Defendants'

supplemental motion to dismiss be granted; (2) Rodriguez's Section 1983 claims against Mt.

USDC SDNY
DATE SCANNED___7/27/11___

Vernon be dismissed <u>sua</u> <u>sponte</u> as time-barred; and (3) Mt. Vernon's motion to dismiss with respect to any remaining state-law claims be granted without prejudice to Rodriguez refiling them in state court.

## I. BACKGROUND

### A.     Facts

The factual background to this lawsuit is set out more fully in the undersigned's September 7, 2010 Report & Recommendation, <u>see</u> <u>Rodriguez v. Mount Vernon Hosp.</u>, No. 09 Civ. 5691 (GBD) (JLC), 2010 WL 3825736, at *1-3 (S.D.N.Y. Sept. 7, 2010), and familiarity with the facts underlying this action is assumed.

In brief, Rodriguez alleges that in 2005, while he was incarcerated at Sing Sing Correctional Facility ("Sing Sing"), he consented to arthroscopic surgery to repair an injury to his right knee that had occurred a year earlier. (Amended Complaint ("Am. Compl.") ¶ II.D (Dkt. No. 5)). He avers that Dr. Perilli instead ordered an ACL reconstructive knee surgery without informing him of the order or seeking his consent. (<u>Id.</u>). Dr. Holder performed the procedure at Mt. Vernon Hospital on July 28, 2005. (<u>Id.</u>). Rodriguez states that approximately two weeks after the surgery he became aware that the surgery performed was an ACL reconstructive knee procedure. (Second Amended Complaint, dated April 16, 2010 ("Second Am. Compl." or the "Complaint") ¶ 11 (Dkt. No. 22); Am. Compl. ¶ II.D).[1]

Rodriguez alleges that as a result of the surgery, he suffered pain for three years and was left with a "ball" on his knee. (Second Am. Compl. ¶ 13; Am. Compl. ¶ III). He further alleges

---

[1] Rodriguez did not file a Second Amended Complaint with his motion for leave to amend the complaint. Instead, he filed an "Affidavit in Support [sic] Second Amended Complaint," referred to here as the Second Amended Complaint. The Second Amended Complaint contains an incomplete recitation of the facts that were alleged in the Amended Complaint; therefore, the Court will refer to both documents in setting out the facts as alleged.

2

that upon being discharged from Mt. Vernon Hospital, he was made to walk to a New York State

Department of Correctional Services ("DOCS") transport van handcuffed to his crutches.  (Am.

Compl. ¶ II.D).  Rodriguez says that the lingering effects of the first procedure required a second

surgery in August 2008 to "repair damage that was missed or left undone."  (Id.).  He avers that

aside from removal of the ball, the second surgery was unhelpful and left him unable to walk or

play sports.  (Id. ¶ III).  Rodriguez adds that Dr. Perilli approved him for physical therapy,

"which did nothing but [aggravate] the injury causing more pain, suffering, and damage."

(Second Am. Compl. ¶ 25).

Rodriguez's claims against the Hospital arise from the same set of facts as his Fourteenth

Amendment claim against the State Defendants concerning his right to medical information.  He

alleges that Dr. Holder was an employee of Mt. Vernon and performed the unauthorized surgery

at the Hospital.  (Second Am. Compl. ¶ 10).  Rodriguez also states that Mt. Vernon knew that he

did not consent to the ACL surgery and purposefully withheld consent forms.  (Id. ¶ 23).

Finally, Rodriguez alleges that Mt. Vernon is liable for "treatment Plaintiff received while in [its]

care and discharge procedure [sic]."  (Id. ¶ 19).  Rodriguez seeks punitive damages from both the

State Defendants and Mt. Vernon.  (Id. ¶¶ 17-19).

### B.    Procedural History

#### 1.    Claim Against the State Defendants

On November 21, 2008, Rodriguez filed his initial complaint against defendants Mt.

Vernon and the State Defendants.[2]  (Complaint under the Civil Rights Act, 42 U.S.C. § 1983,

dated Nov. 21, 2008 (Dkt. No. 2)).  On July 8, 2009, Rodriguez filed an amended complaint

---

[2] As noted in my earlier Report and Recommendation, because Rodriguez is incarcerated, he benefits from the "prison mailbox rule," which provides that a complaint is deemed filed on the day it is handed to prison officials for mailing.  See Rodriguez, 2010 WL 3825736, at *19 n.26.

asserting Section 1983 claims arising out of alleged constitutional violations of the Eighth

Amendment deliberate indifference standard and the Fourteenth Amendment.  (Am. Compl. ¶

V).  On February 3, 2010, the State Defendants moved to dismiss the Amended Complaint

pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.  (Motion to

Dismiss, dated Feb. 2, 2010 (Dkt. No. 12)).  Rodriguez responded on April 16, 2010 by cross

moving to file a Second Amended Complaint.  (Second Am. Compl. (Dkt. No. 22)).

      On September 30, 2010, the Court adopted my Report and Recommendation, granting

Rodriguez's motion to file a Second Amended Complaint; converting the State Defendants'

Motion to Dismiss to a Motion for Summary Judgment; and granting the State Defendants'

motion as to all of Rodriguez's claims against them, except his Fourteenth Amendment claim

concerning his right to medical information.  Rodriguez, 2010 WL 3825715, at *3.

      On November 9, 2010, the State Defendants filed a supplemental motion to dismiss

pursuant to Rule 12(b)(1) and 12(b)(6) on the ground that Rodriguez's Fourteenth Amendment

claim concerning his right to medical information is time-barred under New York's three-year

statute of limitations.  (Memorandum of Law in Support of Supplemental Motion to Dismiss,

dated Nov. 9, 2010 ("State Defs.' Mem.") (Dkt. No. 36)).  On December 2, 2010, Rodriguez

filed an opposition to the State Defendants' motion, styled as a "cross motion," arguing that the

limitations period should be tolled until November 2009.  (Plaintiff's Affidavit in Support of

Cross Motion, dated Dec. 2, 2010 ("Opp'n to State Mot.") ¶ 6 (Dkt. No. 41)).  The State

Defendants filed a reply on December 29, 2010.  (Reply Memorandum of Law in Further

Support of State Defendants' Supplemental Motion to Dismiss, dated December 28, 2010 ("State

Defs.' Reply") (Dkt. No. 39)).

**2.      Claims Against Mt. Vernon**

On January 20, 2010, Mt. Vernon answered Rodriguez's complaint.  (Answer, dated Jan. 19, 2010 (Dkt. No. 11)).  Having obtained permission from the undersigned to do so, on February 18, 2011, Mt. Vernon filed a motion to dismiss pursuant to Rules 12(b)(6) and 12(c), or, alternatively, a motion for summary judgment pursuant to Rule 56.  (Memorandum of Law in Support of Motion by Mount Vernon Hospital for Judgment on the Pleadings, Dismissal of the Complaint and Summary Judgment, dated February 18, 2011 ("Mt. Vernon's Mem.") (Dkt. No. 46)).

Mt. Vernon makes three main arguments in its motion.  First, the Hospital contends that Rodriguez's Eighth Amendment and Fourteenth Amendment claims should be dismissed for failure to state a claim.  (Mt. Vernon's Mem. 11-18).  Second, Mt. Vernon asserts that the Court lacks subject matter jurisdiction because medical malpractice claims are not recognized under Section 1983.  (Id. 19-21).  Third, Mt. Vernon argues that the Court should grant its motion for summary judgment, as an alternative to its motion to dismiss, because Rodriguez has not asserted a valid medical malpractice claim and any medical malpractice claims are time-barred.  (Id. 21-24).

Rodriguez filed an opposition to Mt. Vernon's motion on June 17, 2011.  (Affirmation in Opposition to Motion Continuation, dated June 17, 2011 (Dkt. No. 56)).  Mt. Vernon did not file a reply.

## II.  DISCUSSION

### A.      Legal Standard

To survive a Rule 12(b)(6) motion, a plaintiff's pleading must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v.

Iqbal, 129 S. Ct. 1937, 1940 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570

(2007)). In ruling on the motion, a court must decide whether the plaintiff has presented more

than mere labels and legal conclusions to support "a reasonable inference that the defendant is

liable for the misconduct alleged." Id. at 1940. A court should accept all factual claims in the

complaint as true and construe all reasonable inferences in the plaintiff's favor. See Famous

Horse Inc. v. 5th Ave. Photo Inc., 624 F.3d 106, 108 (2d Cir. 2010) (citing Goldstein v. Pataki,

516 F.3d 50, 56 (2d Cir. 2008)). "A statute of limitations defense, based exclusively on dates

contained within the complaint or appended materials, may be properly asserted by a defendant

in a Rule 12(b)(6) motion." Gelber v. Stryker Corp., No. 09 Civ. 1322 (PKC), 2011 WL

1483927, at *5 (S.D.N.Y. Apr. 18, 2011) (citing Ghartey v. St. John's Queens Hosp., 869 F.2d

160, 162 (2d Cir. 1989)). The standards for dismissal pursuant to Rule 12(c) are the same as for

a Rule 12(b)(6) dismissal. See, e.g., Rivera v. Heyman, 157 F.3d 101, 103 (2d Cir. 1998). [3]

### B. Rodriguez's Fourteenth Amendment Claim Against the State Defendants Concerning his Right to Medical Information Should be Dismissed as Time-Barred

Liberally construed, the Complaint alleges that (1) Rodriguez was not informed of the

consequences of his ACL reconstructive knee surgery; (2) had he been informed, he would have

refused to undergo the procedure; and (3) the State Defendants and Mt. Vernon were deliberately

indifferent to his right to refuse medical treatment. (Second Am. Compl. ¶¶ 9, 23).

---

[3] Courts are obligated to construe a pro se complaint liberally. See Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). Therefore, pro se complaints should be read to "raise the strongest argument that they suggest." Green v. United States, 260 F.3d 78, 83 (2d Cir. 2001) (citations omitted). However, a court should not hesitate to dismiss a pro se plaintiff's claim if it fails altogether to satisfy the pleading standard. See, e.g., Barmapov v. Barry, No. 09-CV-03390 (RRM) (RML), 2011 WL 32371, at *2 (E.D.N.Y. Jan. 5, 2011) (citing Rodriguez v. Weprin, 116 F.3d 62, 65 (2d Cir. 1997)).

The State Defendants assert that because Rodriguez filed his complaint more than three years after he knew or had reason to know of the injury, Rodriguez's Section 1983 claim alleging a violation of his Fourteenth Amendment right to medical information—the only remaining claim against them—must be dismissed as time-barred. (State Defs.' Mem. 2-3). Rodriguez responds that the limitations period should be tolled until November 2009. (Opp'n to State Defs.' Mot. ¶ 6). He contends that the second knee surgery he underwent to correct damage caused by the initial surgery, as well as the "continuous postoperative care" of physical therapy that he received until November 2009, warrant tolling the statute of limitations. (Id. ¶¶ 4-6). I disagree.

As noted in my prior Report and Recommendation, see Rodriguez, 2010 WL 3825736, at *19 n.26, the applicable statute of limitations for a Section 1983 action is governed by "the law of the State in which the cause of action arose." Wallace v. Kato, 549 U.S. 384, 387 (2007) (citing Owens v. Okure, 488 U.S. 235, 249-250 (1989) and Wilson v. Garcia, 471 U.S. 261, 279-280 (1985)); see also Patterson v. Cnty. of Oneida, 375 F.3d 206, 225 (2d Cir. 2004); Meyer v. Frank, 550 F.2d 726, 728 (2d Cir. 1977). In New York, the statute of limitations for personal injury claims is three years, see N.Y. C.P.L.R. § 214(5), and it is well-settled that this limitation is applicable to Section 1983 claims. See, e.g., Bd. of Regents of Univ. of N.Y. v. Tomanio, 446 U.S. 478, 484 n.4 (1980). The limitations period for Section 1983 actions begins to run from the time the plaintiff "knows or has reason to know of the injury" that is the basis for his or her claim. Pearl v. City of Long Beach, 296 F.3d 76, 80 (2d Cir. 2002) (citation and internal quotation marks omitted); accord Jaghory v. N.Y. State Dep't of Educ., 131 F.3d 326, 331-32 (2d Cir. 1997).

Here, Rodriguez alleges that he became aware of the alleged switch in procedures from arthroscopy to ACL reconstructive knee surgery "approximate[ly] two weeks" after the surgery, which occurred on July 28, 2005. (Second Am. Compl. ¶ 11). Rodriguez did not file the initial complaint in this action, however, until November 21, 2008—more than three years after the August 11, 2008 deadline to do so under the statute of limitations. Therefore, because he filed the Complaint more than three years after he became aware that the State Defendants had ordered and performed the ACL reconstructive knee surgery, Rodriguez's claim is time-barred.

Rodriguez's post-surgery treatments, including his second knee surgery and physical therapy, do not justify any tolling of the statute of limitations. Under the continuous violation doctrine, the statute of limitations may be tolled until the commission of the last wrongful act when a plaintiff bringing a Section 1983 claim experiences a continuous wrong. See, e.g., Shomo v. City of New York, 579 F.3d 176, 181-82 (2d Cir. 2009) (continuous violation doctrine available to prisoner bringing Eighth Amendment claim of deliberate indifference to serious medical needs under Section 1983); Jaghory, 131 F.3d at 331-32; Cornwell v. Robinson, 23 F.3d 694, 703-04 (2d Cir. 1994). However, although "the continuing violation doctrine can be applied when the plaintiff's claim seeks redress for injuries resulting from a series of separate acts that collectively constitute one unlawful [act], . . . the doctrine cannot be applied when the plaintiff challenges conduct that is a discrete unlawful act." Shomo, 579 F.3d at 181 (quoting Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 117 (2002)) (internal quotation marks omitted). Further, where the alleged continuous harm is based on one original wrongful act, the limitations period may not be tolled. Compare Gonzalez v. Wright, 665 F. Supp. 2d 334, 350 (S.D.N.Y. 2009) (no continuous violation where DOCS medical personnel working across three different facilities did not coordinate treatment (or non-treatment) plan for prisoner alleging Eighth

Amendment deliberate indifference claim), and Margrabe v. Sexter & Warmflash, P.C., No. 07 Civ. 2798 (KMK) (GAY), 2009 WL 361830, at *7 (S.D.N.Y. Feb. 11, 2009) (tolling unwarranted where plaintiff alleged continuous harm in defending legal claims when costs arose from single allegedly wrongful act), with Branch v. Guilderland Cent. Sch. Dist., 239 F. Supp. 2d 242, 253 (N.D.N.Y. 2003) (jury could find continuous violations where plaintiff alleged that defendants' acts constituted "policy or custom" of Title VII discrimination).

　　Here, the crux of Rodriguez's claim is that the State Defendants violated his Fourteenth Amendment right to medical information when they performed the ACL reconstructive knee surgery without his consent. (Second Am. Compl. ¶ 23). Accordingly, Rodriguez's case is distinguishable from Shomo, where the Second Circuit held that the continuous violation doctrine was applicable to a prisoner's Eighth Amendment claim alleging a policy of doctors and prison staff disregarding recommendations for medical treatment. Shomo, 579 F.3d at 182. In this case, Rodriguez merely alleges that his physical therapy and second surgery arose out of damage caused by the initial reconstructive surgery. He does not allege that the State Defendants were involved in any ongoing policy of acting against treatment recommendations, refusing medical treatment, or otherwise, with respect to him (or others). As a result, Rodriguez's subsequent physical therapy and second surgery are, if anything, merely the continuing effects of the initial surgery, and therefore do not constitute continuous wrongs. Put another way, the initial surgery was a "discrete act" that triggered the running of the statute of limitations.

　　For these reasons, the Fourteenth Amendment claim against the State Defendants concerning Rodriguez's right to medical information should be dismissed as time-barred.

**C.      Rodriguez's Section 1983 Claims Against Mt. Vernon Should be Dismissed
Sua Sponte as Time-Barred**

Rodriguez asserts the same Section 1983 claims against Mt. Vernon as against the State

Defendants in the Complaint—that Mt. Vernon (1) acted with deliberate indifference to his

medical needs in violation of the Eighth Amendment by employing Dr. Holder to perform the

initial surgery and (2) violated his Fourteenth Amendment right to medical information when it

failed to provide him with adequate consent forms.  (Second Am. Compl. ¶¶ 11-12, 19, 23).

Like the remaining claim against the State Defendants, these claims too are time-barred.[4]

Although Mt. Vernon does not contend that Rodriguez's claims should be dismissed as

time-barred, I recommend that the Court sua sponte dismiss the claims on this ground.[5]  When it

is apparent "from the face of the complaint that the action is barred, for example by expiration of

the statute of limitations," a court may dismiss a complaint sua sponte.  Baker v. Cuomo, 58 F.3d

814, 819 (2d Cir. 1995), vacated on other grounds, 85 F.3d 919 (2d Cir. 1996) (en banc); see also

Leonhard v. United States, 633 F.2d 599, 609 n.11 (2d Cir. 1980) (district court may dismiss

complaint sua sponte on statute of limitations grounds); 5 C. Wright & A. Miller, Federal

Practice and Procedure § 1357, at 409 (2004).  Critically, however, a court may sua sponte

dismiss a complaint as time-barred only if the plaintiff is given notice and an opportunity to be

heard.  See Abbas v. Dixon, 480 F.3d 636, 640-42 (2d Cir. 2007) (district court erred in

dismissing sua sponte Section 1983 claims as time-barred without granting prisoner-plaintiff

notice and opportunity to be heard); cf. Day v. McDonough, 547 U.S. 198, 209-10 (2006)

---

[4] In my prior Report and Recommendation, I recommended that the Court dismiss
Rodriguez's Eighth Amendment claim against the State Defendants for failure to adequately
plead the claim.  See Rodriguez, 2010 WL 3825736, at *20-21.  The Eighth Amendment claim
against Mt. Vernon could also be dismissed for this reason, although I do not reach the issue
because, like Rodriguez's Fourteenth Amendment claim, this claim is time-barred.

[5] Mt. Vernon does contend, however, that to the extent Rodriguez alleges a state-law
claim for medical malpractice, it is time-barred.  (Mt. Vernon's Mem. at 24).

(citations omitted) (district courts permitted to dismiss <u>sua</u> <u>sponte</u> state prisoner's habeas petition as time-barred when parties given notice and opportunity to be heard).

Rodriguez has had such notice and opportunity here. I raised the statute of limitations in my earlier Report and Recommendation in this case. <u>See</u> <u>Rodriguez</u>, 2010 WL 3825736, at *18 n.26. The State Defendants argued the issue in their supplemental motion to dismiss, (State Defs.' Mem. 2-3), and Rodriguez responded to it in his opposition, contending that the limitations period should be tolled. (Opp'n to State Mot. ¶ 6). Consequently, because it is apparent from the face of the complaint that Rodriguez's claims are time-barred and because Rodriguez has had both notice of the statute of limitations issue and an opportunity to be heard on it, the Court should dismiss Rodriguez's claims against Mt. Vernon <u>sua</u> <u>sponte</u>. <u>See, e.g.,</u> <u>Wharton v. Cnty. of Nassau</u>, No. 07 Civ. 2137 (RRM) (ETB), 2010 WL 3749077, at *9 n.8 (S.D.N.Y. Sept. 20, 2010) (Section 1983 claims dismissed <u>sua</u> <u>sponte</u> on statute of limitations grounds); <u>Bloch v. Pike</u>, No. 09 Civ. 5503 (RRM), 2010 WL 2606355, at *3 n.5 (E.D.N.Y. May 20, 2010) (fraud claim dismissed <u>sua</u> <u>sponte</u> on statute of limitations grounds after court ordered plaintiff to explain why claims should not be dismissed as time-barred); <u>Lomako v. N.Y. Inst. of Tech.</u>, No. 09 Civ. 6066 (HB), 2010 WL 1915041, at *6 n.9 (S.D.N.Y. May 12, 2010) (Section 1985 and 1986 claims dismissed <u>sua</u> <u>sponte</u> as time-barred).[6]

---

[6] Because Rodriguez's Section 1983 claims against the Hospital are untimely, I do not reach Mt. Vernon's arguments asserting other grounds for dismissal. However, even if Rodriguez's claims against the Hospital were not time-barred, I would recommend that they be dismissed for failure to allege that Mt. Vernon was personally involved in any constitutional violations. "[P]ersonal involvement of defendants . . . is a prerequisite to an award for damages under § 1983." <u>See</u> <u>Schomo</u>, 579 F.3d at 184 (citation and internal quotation marks omitted). Yet Rodriguez's Complaint contains no allegations regarding the Hospital other than that one of the State Defendants was an employee there, the surgery at issue was performed there, and it had knowledge that Rodriguez did not agree to the surgery. (Second Am. Compl. ¶¶ 10, 23). The Second Circuit has made clear, however, that allegations such as these—which assert a theory of liability based on the doctrine of respondeat superior—are insufficient as "the doctrine of

**D.      Any State-Law Medical Malpractice Claims Against Mt. Vernon Should be Dismissed**

Finally, to the extent Rodriguez asserts state-law negligence or malpractice claims against the Hospital, those claims should also be dismissed.  Where, as here, all claims over which a court has original jurisdiction are dismissed, the district court may decline to exercise supplemental jurisdiction over the remaining supplemental state-law claims.  28 U.S.C. § 1367(c)(3).

"In deciding whether to exercise jurisdiction over supplemental state-law claims, district courts balance the values of judicial economy, convenience, fairness, and comity—the 'Cohill factors.'"  Klein & Co. Futures, Inc. v. Bd. of Trade of N.Y., 464 F.3d 255, 262 (2d Cir. 2006) (citing Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988)).  Generally, in a case in which all federal-law claims are eliminated before trial, "the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity— will point toward declining to exercise jurisdiction over the remaining state-law claims." Cohill, 484 U.S. at 350 n.7; see also Seabrook v. Jacobson, 153 F.3d 70, 72 (2d Cir. 1998) (appropriate for district court to dismiss where "the federal claim on which the state claim hangs has been dismissed") (internal citations omitted); Marcus v. AT&T Corp., 138 F.3d 46, 57 (2d Cir. 1998) ("In general, where the federal claims are dismissed before trial, the state claims should be dismissed as well.") (internal citations omitted).  Such is the case here.

Because I recommend that the Section 1983 claims against Mt. Vernon—the only claims over which the Court has original jurisdiction—be dismissed, I also recommend that the Court decline to exercise jurisdiction over any remaining state law claims and that they be dismissed

---

respondeat superior standing alone does not suffice to impose liability for damages under section 1983 on a defendant acting in a supervisory capacity." Hayut v. State Univ. of N.Y., 352 F.3d 733, 753 (2d Cir. 2003).

without prejudice.  See, e.g., United Mine Workers v. Gibbs, 383 U.S. 715, 725-26 (1966) (where all federal claims have been dismissed before trial, pendent state claims should be dismissed without prejudice and left for resolution by the state courts); Giordano v. City of New York, 274 F.3d 740, 754 (2d Cir. 2001) (instructing district court to dismiss pendent state claims without prejudice "so that the state courts may adjudicate those claims in their entirety if the plaintiff chooses to pursue them in those courts"); Mann v. Daniels, No. 10 Civ. 7540 (PKC) (THK), 2011 WL 2421285, at *5 (S.D.N.Y. June 9, 2011) (declining to exercise supplemental jurisdiction over state-law claim for medical malpractice and dismissing without prejudice to refiling in state court after dismissing Section 1983 claims); Locantore v. Hunt, No. 09 Civ. 5632 (KMK), 2011 WL 1326015, at *6 (S.D.N.Y. Mar. 31, 2011) (dismissal of pendent state-law claims without prejudice appropriate where plaintiff's federal claims dismissed).

## III.  CONCLUSION

For the foregoing reasons, I recommend that (1) the State Defendants' supplemental motion to dismiss be granted; (2) Rodriguez's Section 1983 claims against Mt. Vernon be dismissed sua sponte as time-barred; and (3) Mt. Vernon's motion to dismiss with respect to any remaining state law claims be granted without prejudice to refiling them in state court.

## PROCEDURES FOR FILING OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections.  See also Fed. R. Civ. P. 6.  Such objections, and any responses to such objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable George B. Daniels and to the chambers of the undersigned, United States Courthouse, 500 Pearl Street, New York, New York, 10007.  Any requests for an extension of time for filing

objections must be directed to Judge Daniels.  **FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.**  See Thomas v. Arn, 474 U.S. 140 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010) (citing Cephas v. Nash, 328 F.3d 98, 107 (2d Cir. 2003) and Mario v. P&C Food Mkts., Inc., 313 F.3d 758, 766 (2d Cir. 2002)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.  If Plaintiff does not have access to cases cited herein that are reported on LexisNexis or Westlaw, he should request copies from Defendants' counsel.  See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

Dated: New York, New York
       July 27, 2011

_____
JAMES L. COTT
United States Magistrate Judge

**Copies of this Report and Recommendation have been mailed to:**

Pedro Rodriguez
04-A-5136
Great Meadow Correctional Facility
Box 51
Comstock, NY 12821

E. Gordon Haesloop
Bartlett, Mcdonough, Bastone & Monaghan
300 Old Country Road
Mineola, NY 11501

Neil Shevlin
New York State Office of the Attorney General
120 Broadway
24th Floor
New York, NY 10271

14