```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
PEDRO RODRIGUEZ,                    :

                Plaintiff,          :

          -v-                       :        MEMORANDUM DECISION
                                                  AND ORDER
MOUNT VERNON HOSPITAL, DR. JONATHAN :         09 Civ. 5691 (GBD)(JLC)
HOLDER, AND DR. JOHN PERILLI,
                                    :
                Defendants.
------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: SEP 02 2011

GEORGE B. DANIELS, District Judge:

Pro se Plaintiff Pedro Rodriguez filed this suit pursuant to the Civil Rights Act, 42 U.S.C. § 1983, alleging a violation of the Eighth and Fourteenth Amendments. Specifically, he alleges that he suffered injuries and lasting pain resulting from reconstructive knee surgery performed on him without his consent while he was incarcerated at Sing Sing Correctional Facility. Plaintiff claims that in 2005 Dr. John Perilli ordered, and Dr. Jonathan Holder performed, an ACL reconstructive knee surgery at Mount Vernon Hospital, though Plaintiff had only consented to an arthroscopic surgery. Plaintiff's Fourteenth Amendment claim against Drs. Perilli and Holder (collectively the "State Defendants") and Section 1983 claim against Mt. Vernon Hospital are the only federal claims currently pending.[1]

The State Defendants filed a supplemental motion to dismiss the remaining claim as time-barred. Mount Vernon moved to dismiss Plaintiff's claims against it as well. This Court referred the matter to Magistrate Judge James Cott, who issued a Report & Recommendation ("Report"), recommending that: (1) the State Defendants' supplemental motion to dismiss be

---

[1] This Court previously referred Defendant's partial motion to dismiss to Magistrate Judge James Cott for a Report and Recommendation, which the Court adopted, dismissing those claims, on September 30, 2010. See Rodriguez v. Mount Vernon Hosp., No. 09 Civ. 5691 (GBD) (JLC), 2010 WL 3825715, *1.

1

granted; (2) Rodriguez's Section 1983 claims against Mt. Vernon similarly be dismissed <u>sua sponte</u> on the alternative ground that they are time-barred; and, (3) Mt. Vernon's motion to dismiss with respect to any remaining state-law claims be granted without prejudice to refile them in state court.

The Court may accept, reject or modify, in whole or in part, the findings and recommendations set forth within the Report. 28 U.S.C. § 636(b)(1). When there are objections to the Report, the Court must make a *de novo* determination of those portions of the Report to which objections are made. <u>Id.</u>; <u>see also</u> <u>Rivera v. Barnhart</u>, 432 F.Supp.2d 271, 273 (S.D.N.Y.2006). The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. <u>See</u> FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1)(c). It is not required, however, that the Court conduct a *de novo* hearing on the matter. <u>See</u> <u>United States v. Raddatz</u>, 447 U.S. 667, 676 (1980). Rather, it is sufficient that the Court "arrive at its own, independent conclusions" regarding those portions to which objections were made. <u>Nelson v. Smith</u>, 618 F. Supp. 1186, 1189-90 (S.D.N.Y.1985) (quoting <u>Hernandez v. Estelle</u>, 711 F.2d 619, 620 (5th Cir.1983)). When no objections to a Report are made, the Court may adopt the Report if "there is no clear error on the face of the record." <u>Adee Motor Cars, LLC v. Amato</u>, 388 F.Supp.2d 250, 253 (S.D.N.Y.2005) (citation omitted). In his report, Magistrate Judge Cott advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections. <u>See</u> 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). After requesting and receiving an extension of time to file an objection to the Report, Plaintiff failed to file an objection to the Report.

In his Report, Magistrate Judge Cott properly determined that Plaintiff's remaining Fourteenth Amendment claim against the State Defendants is time-barred by New York's three

year statute of limitations and should be dismissed. See Wallace v. Kato, 549 U.S. 384, 387 (2007) (law of the state in which cause of action arose governs limitations period); Gonzalez v. Wright, 665 F. Supp. 2d 334, 350 (S.D.N.Y. 2009). The alleged wrongful act underlying this claim occurred on July 28, 2005 and Plaintiff discovered it on August 11, 2005, two weeks later. Plaintiff was required to bring suit by August 11, 2008. Plaintiff did not file his complaint until November 21, 2008.

Thus, his claim is untimely unless the statute of limitations was tolled. Plaintiff contends that the statute of limitations should be tolled pursuant to the continuing violation doctrine because of the "continuous postoperative care" he received after the operation. Plaintiff's claims, however, are based on a single, allegedly incorrect surgical procedure and not "a series of separate acts that collectively constitute one unlawful [act]." Shomo v. City of New York, 579 F.3d 176, 181 (2d Cir. 2009) (continuing violation doctrine "cannot be applied when the plaintiff challenges conduct that is a discrete unlawful act"). Thus, Plaintiff's Fourteenth Amendment claim against the State Defendants is time-barred and must be dismissed.

Magistrate Judge Cott properly recommended that Plaintiff's claim against Mt. Vernon Hospital should be dismissed sua sponte as time-barred. Generally, a court should not dismiss claims sua sponte unless a plaintiff had notice and an opportunity to present arguments against dismissal. See Abbas v. Dixon, 480 F.3d 636, 640 (2d Cir. 2007). Here, Plaintiff had notice that his claim might be dismissed sua sponte and an opportunity to be heard. His claims against Mt. Vernon arise out of the same conduct that underlies his claim against the State Defendants. The State Defendants moved to dismiss the complaint as untimely and Plaintiff opposed on the grounds that the statute of limitations was tolled. Thus, Plaintiff had an opportunity to present his tolling arguments, which constitutes sufficient notice and opportunity. See Abbas, 480 F.3d at

640-641 (finding Plaintiff had adequate notice and opportunity to be heard when '[t]hrough the course of the proceedings on the motion to dismiss, [Plaintiff] had a full and fair opportunity to brief, and to offer affidavits in support of, his tolling arguments."). Since Plaintiff's claim against Mt. Vernon is based on the same conduct, it is also untimely under New York's three-year statute of limitations and must be dismissed.

Without any federal claim, this Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. See Giordano v. City of New York, 274 F.3d 740, 754 (2d Cir. 2001). Plaintiff's state law claims are dismissed without prejudice.

## Conclusion

Magistrate Judge Cott's Report and Recommendation is adopted. Defendants' motions to dismiss are GRANTED. Plaintiff's complaint is dismissed in its entirety.[2]

Dated: New York, New York
      September 2, 2011

SO ORDERED:

*George B. Daniel*

GEORGE B. DANIELS
United States District Judge

---

[2] The Clerk of the Court is ordered to close Defendant's Supplemental Motion to Dismiss (Docket Entry #35), and Defendant's Motion for Judgment on the Pleadings and Summary Judgment (Docket Entry #45).

4